Filed 3/19/26  7th Street Partners v. City of Santa Monica CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| 7th STREET PARTNERS LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF SANTA MONICA, <br><br> Defendant and Respondent. | B347190 <br><br> (Los Angeles County <br> Super. Ct. No. 25STCP00678) |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis A. Kin, Judge.  Affirmed.

Ada R. Cordero-Sacks and Tracey K. Merrell for Plaintiff and Appellant.

Heidi von Tongeln, Interim City Attorney, Romy Ganschow, Chief Deputy City Attorney, and Denise McGranahan, Deputy City Attorney, for Defendant and Respondent.

This appeal concerns two sheets of yellow paper. Appellant 7th Street Partners LLC (7th Street) filed a petition for writ of mandate, claiming that two tenant relocation orders it received from respondent City of Santa Monica (City) did not include any notice of appeal rights or instructions on how to file an appeal.

The City brought a motion for sanctions under section 128.7, which requires parties and counsel to certify that their allegations have evidentiary support. (§ 128.7, subd. (b)(3).) The City explained that the relocation orders were issued using forms, pre-printed in triplicate carbon copy; the top white copies were retained by the city, the middle yellow copies were mailed to 7th Street, and the bottom pink copies were mailed to the tenants. Instructions for appeal are printed on the back side of each copy. The City submitted a declaration from Benson Reed, the officer who issued the orders, testifying that he mailed the forms "through office procedures" on January 17, 2024, and sent a courtesy notice of the front side of the yellow copy to 7th Street by email the same day. The City attached its own, two-sided copies of the orders to the motion.

7th Street opposed the motion on the grounds that a Public Records Act request for the City's documents related to these orders only resulted in production of the front side of the order. 7th Street's agent submitted a declaration testifying that he received the courtesy email sent by Reed.

---

[1] We resolve this appeal by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We summarize the factual and procedural background because the parties are familiar with those details and our opinion is unpublished. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) The request for judicial notice filed on September 29, 2025, is denied. Undesignated statutory references are to the Code of Civil Procedure.

The trial court granted the motion for sanctions, ordered 7th Street and its counsel, Ada R. Cordero-Sacks, to pay $9,360 to the City's counsel, and ordered 7th Street to file an amended petition within 30 days.

We review this order for abuse of discretion; we do not substitute our judgment for that of the trial court and reverse only if there has been a manifest miscarriage of justice. (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 441.)

7th Street concedes that the notice of appeal rights and instructions for appeal are printed on the back side of the orders. Yet 7th Street presented nothing to show it failed to receive the orders in the mail. 7th Street focuses on an alleged ambiguity in how Reed described the act of mailing. In paragraph 7 of his declaration, Reed testified he handed the orders to a specialist to be mailed, "following office protocols," while in paragraph 8, Reed testified that his practice is to mail orders "through office procedures," and in paragraph 10 he simply says he "mailed" the orders. These are not contradictory statements. All three indicate that Reed's office has a procedure for mailing items and Reed followed that procedure. Items that have been mailed are presumed received. (Evid. Code, § 641.)

7th Street also relies on the City's response to its Public Records Act request. But that response is irrelevant for two reasons: (1) the issue is what 7th Street received, not what the City retained and (2) 7th Street had already been provided with the City's copies of the orders, which were two-sided. Further, as the trial court pointed out, 7th Street submitted copies of the front sides of the two order sheets at issue as exhibits C and D to its petition. It did not submit copies of the back sides of those sheets, despite that being the best evidence of what was or was not printed there. Given 7th Street's failure to submit what should be the strongest and most direct evidence of its

3

position, the trial court was entitled to discredit the remainder of its submission.  (Evid. Code, § 412.)

Section 128.7, subdivision (c)(1) requires that a motion for sanctions be served 21 days in advance of filing, so the recipient can withdraw or correct the challenged pleadings rather than face the motion.  7th Street argues that because the City filed its answer to 7th Street's writ petition immediately after serving the motion, 7th Street could not withdraw or correct the petition without a motion or stipulation.  This argument answers itself—7th Street could have corrected the petition by stipulation.  It did not, because it preferred to maintain the challenged allegations.

Finally, 7th Street argues the trial court should not have directed it to remove its request for a traditional writ of mandate because there were alternative theories that would support such a writ.  But that portion of the trial court's order is not part of this appeal, because it is not presently appealable.  (*Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 825.)  Only the portion of the court's order awarding monetary sanctions is presently appealable.  (*Ibid.*; see also § 904.1, subd. (a)(12).)

The trial court did not abuse its discretion in awarding monetary sanctions under these circumstances.  Therefore, we affirm.  We close, however, with a warning to appellant's counsel.  The opening and reply briefs launch overheated attacks on the trial judge and the City, accusing each of bias based on simple disagreements.  These comments "detract from counsel's legal arguments" and "risk obscuring any meritorious arguments they may have."  (*WasteXperts, Inc. v. Arakelian Enterprises, Inc.* (2024) 103 Cal.App.5th 652, 667.)

4

## DISPOSITION

The order of the trial court awarding monetary sanctions is affirmed. The City shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

WE CONCUR:


MORI, J.


TAMZARIAN, J.

5